THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, PONCE PART, Respondent; MARÍA MORENO MEDINA, Intervener.

No. 2732. Decided December 13, 1961.

*J. B. Fernández Badillo, Solicitor General, Arturo Estrella, Acting Solicitor General,* and *William Fred Santiago, Assistant Solicitor General,* for petitioner. *Luis A. Noriega* for intervener.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On May 15, 1959, a warrant was issued for the arrest of María Moreno Medina for a violation of Act No. 51 of May 13, 1934 (Sess. Laws, p. 392;[1] 33 L.P.R.A. § 1393 *et seq.*), and she was authorized to remain in provisional liberty upon posting bail for the sum of $500. The warrant was executed on May 19 and on the same date she gave the required bail.

The corresponding complaint was sworn on May 22 and filed six days later in the office of the clerk of the District Court, Ponce Part. It read as follows:

"I, Héctor Martínez, Policeman No. 1219, Molina Headquarters, of full age, a policeman, hereby file complaint against the defendant and/or the defendants above mentioned for the offense stated above committed on May 8, 1959, 11 p.m., at Villa Street No. 276, Cocodrilo Bar, of Ponce, Puerto Rico, as follows: The said accused, María Moreno Medina, there and then, unlawfully, wilfully and maliciously, violated the provisions of § 2 of Act No. 51, approved May 13, 1934, consisting in that on the date, hour, and place shown above, Cocodrilo Bar, on the occasion in which the complainant, together with other members of the Police force proceeded to arrest the accused, by virtue of a warrant of arrest issued by Judge Agustín Mangual for a viola-

---

[1] The original Act punishment the planting, importation, purchase, and sale of marihuana was Act No. 12 of April 19, 1932 (Sess. Laws, p. 216). However, reference is made to Act No. 51 of May 13, 1934 because, although in the title it was stated that it was amendatory of the former, its effect was to re-enact it.

tion of § 288 of the Penal Code of Puerto Rico, this accused had in her possession and transported in her handbag a piece of marihuana cigarette, knowing that the manufacture, transportation, possession, or use of marihuana is prohibited in Puerto Rico. The complaint was ordered by Judge Luis Verges. Note: There is presented to the Hon. Court a letter relative to this case from the chemist of the Special Services of the Treasury Department in San Juan, P. R., W. C. Lloréns. This act, which I know for a fact, is contrary to law."

The hearing was set for June 24 of that year, but it was continued after delivering copy of the complaint to the attorney for the defendant because the latter and several witnesses did not appear. On July 23, the date set to proceed with the hearing, the district judge ordered the transfer of the case to the superior court "for lack of jurisdiction," on the ground that § 2 of Act No. 26 of July 17, 1935 (Sp. Sess. Laws, p. 158, 33 L.P.R.A. § 1396), provides that the superior court shall have "exclusive jurisdiction" to take cognizance, without a jury, of violations of several laws relating to the traffic of marihuana, among which is No. 51 of 1934, *supra.*

The record having been transferred to the superior court, the district attorney filed an information on September 15 setting forth that it was an "information transferred from the district court." The said information, copied verbatim, reads as follows:

"The district attorney hereby files information against María Moreno Medina, a resident of Villa Street No. 276, Ponce, Puerto Rico, for an offense of: Violation of the Narcotics Act of Puerto Rico (misdemeanor), committed as follows:

"The said accused, María Moreno Medina, on or about May 8, 1959, and in Ponce, Puerto Rico, within the jurisdiction of the Superior Court of Puerto Rico, Ponce Part, there and then, unlawfully, wilfully, maliciously and criminally, had in her possession and dominion a cigarette containing the narcotic drug known as marihuana (Cannabis Sativa L plant), the seed of which was not sterilized for industrial purposes or the fiber from the stem of such plant from which the substance or resin contained in this drug having been extracted.

"This act is contrary to the law for such case provided and against the peace and dignity of 'the People of Puerto Rico.' "

██ The dismissal of the information was requested on the ground that more than 60 days had elapsed, § 448 of the Code of Criminal Procedure of 1935, 34 L.P.R.A. § 1631, between the date of detention of the accused to answer and the filing of the information in the superior court. We issued a writ of certiorari to review the order decreeing the dismissal.

1. Although the parties have not raised the question, it is well to point out that on July 23, 1959, when the transfer from the district to the superior court was ordered, the Act in force on the date of the commission of the wrongful acts and under which defendant was prosecuted, had been expressly repealed by § 63 of the Narcotics Act of Puerto Rico, No. 48 of June 18, 1959 (Sess. Laws, p. 119, 24 L.P.R.A. § 973 et seq.). This accounts clearly for the difference between the wording of the complaint filed in the district court, which substantially follows the language of § 3 of Act No. 51 of 1934, supra [2] and the information filed by the district attorney in the superior court by virtue of the transfer ordered, which follows the language of subd. (c) of § 29 of Act No. 48 of June 18, 1959, 24 L.P.R.A. § 974z.[3] There

---

[2] Section 3 of Act No. 51 of May 13, 1934, reads as follows:

"Any person who plants, imports, transports, possesses, donates, or assigns, or uses in any form, buys or sells, or in any other manner has in his possession for any use whatever, or who supplies or transfers to another person the product known as mariguana, marihuana, marijuana, loco-weed, Indian hemp (cannabis indica) shall be guilty of a misdemeanor, and, upon conviction shall be punished by imprisonment in jail for not less than six (6) months nor more than two (2) years."

[3] Section 29 (c) of Act No. 48 of June 18, 1959, reads as follows:

"1. There is hereby absolutely forbidden the holding, possession, conveyance, use, application, prescription, manufacture, preparation, or any transfer or receipt, as well as the introduction, concealing, and transportation in Puerto Rico of:

" . . . .

"(c) The drug known as marihuana, as well as any liquid or solid mixture, including cigarettes or cigars of whatever form and nature containing any portion or residue of marihuana. This prohibition does not

is no question that, in anticipation of a contention to the effect that Act No. 51 of 1934 had been repealed, the district attorney elected to conform the facts recited in the information as constituting a public offense to the provisions of the new drugs and narcotics measure. That was unnecessary because, since in the repealing Act no express reference is made to cases pending under the repealed Act, the general saving clause contained in § 44 of the Political Code would apply, 2 L.P.R.A. § 252. *People* v. *Miranda,* 79 P.R.R. 667, 672 (1956); *People* v. *District Court,* 70 P.R.R. 644 (1949); *People* v. *Arecco,* 67 P.R.R. 299 (1947); *People* v. *Rodríguez,* 50 P.R.R. 34 (1936), *aff'd,* 101 F.2d 26 (C.A. 1, 1938); *People* v. *Valentín,* 33 P.R.R. 39 (1924); *cf.* § 386 of the Political Code, 2 L.P.R.A. § 253; *Puerto Rico Ilustrado* v. *Buscaglia,* 64 P.R.R. 870 (1945). Moreover, although both under § 2 of Act No. 51 of 1934 and § 29(c) of Act No. 48 of 1959 the essence of the offense is the possession and transportation of the drug known as marihuana, there exists the fundamental difference that the violation of the former constitutes a misdemeanor and the violation of the existing law a felony.[4] Obviously, the accused could not be prosecuted under the existing Act because the acts were not only committed prior to its operation but also the penalty is greater.

2. There is no dispute on the fact that the complaint filed in the district court was filed within the period of 60 days counted from the date of the accused's arrest. This being

include the fiber produced from the stem of this plant, or its seeds, sterilized for industrial purposes, provided the substance or resin containing this drug has been extracted from the said fiber, and the sterilization of the seed has been achieved to a degree such as to render it incapable of germination."

[4] Section 33 of Act No. 48 of June 18, 1959, 24 L.P.R.A. § 974dd, reads as follows:

Section 33.—*Penalty.*—Every person who violates sections 29, 30, 31 or 32, or conspires for the violation thereof, shall be guilty of a felony and shall upon conviction be sentenced to imprisonment for a minimum term of five (5) years or a maximum term of twenty (20) years, and may, furthermore, in the discretion of the court, be fined not more than twenty thousand (20,000) dollars..."

so, what is the effect of the order of that court transferring the case to the superior court, in view of the contention of lack of "jurisdiction"?

 We should first of all point out that although Act No. 26 of July 17, 1935 confers exclusive "jurisdiction" to the superior court in all cases of violation of the provisions which punish the traffic of marihuana, as of the Judiciary Act this term has no meaning other than venue. This is so because, as we have repeatedly stated in deciding similar questions in the ambit of civil litigation, the most important result of the new procedural orientation contained in the Judiciary Act was to eliminate jurisdictional distinctions through the unification of the judicial system. *Rivera* v. *Archevald*, 83 P.R.R. 582 (1961); *Ramírez* v. *Ramírez*, 80 P.R.R. 501 (1958); *Valentín* v. *Figueroa*, 79 P.R.R. 420 (1956); *Suliveres* v. *Arjona*, 76 P.R.R. 859 (1954); *Cooperativa Cafeteros de Puerto Rico* v. *Colón*, 76 P.R.R. 442 (1954); *Fernández* v. *District Court*, 76 P.R.R. 341 (1954).

 The district court acted correctly in refusing to dismiss the case and ordering its transfer to the court having jurisdiction over the matter, because "no cause shall fail on the ground that it has been submitted *to a division* without jurisdiction or authority or to a part of the court of improper venue." Section 10 of Act No. 11 of July 24, 1952 (Sp. Sess. Laws, p. 30, 4 L.P.R.A. § 62). This rule applies to matters of a civil as well as of a criminal nature. And as happens in every case of transfer, the court to which the matter is transferred merely continues to take cognizance thereof. However, since the criminal prosecution in the superior court is commenced by the filing of the information, § 67 of the Code of Criminal Procedure of 1935, 34 L.P.R.A. § 122, and this is "an allegation in writing *made by a prosecuting attorney* . . . charging a person with the commission of a public offense," § 68 of the Code of Criminal Procedure of 1935, 34 L.P.R.A. § 123, and from the text thereof it should ap-

pear that "it is based upon the testimony of witnesses, sworn before him [the prosecuting attorney], or upon the testimony of witnesses taken before an examining magistrate, and that he solemnly believes that there is just cause for filing the information," § 3 of the Code of Criminal Procedure of 1935, 34 L.P.R.A. § 3, the complaint originally filed in the district court, sworn by a police officer, was not sufficient for the purpose of prosecuting the accused. It was necessary that an information be filed by the prosecuting attorney in order to properly initiate the criminal proceeding.[5] Under these circumstances, the 60-day period started to run from the date of the arrest until the filing of the information. Since more than 60 days had elapsed between the accused's arrest and the filing of the information which formally initiated the proceeding before the superior court, the dismissal decreed was in order.

The writ issued will be quashed.

---

[5] The result would have been otherwise if the complaint in the district court had been filed by a prosecuting attorney.